146553 United States of America v. John Hatton, Arguments Not to Exceed 15 Minutes Per Side, Mr. Mazzoli for the appellant. Good morning, your honors. Mr. Cushing, may it please the court. My client is John Hatton. He was convicted of two basic criminal acts and is now serving a 37-year prison term for those two. One is a bank robbery in September of 2011. He never admitted anything to do with that. And then the other is a robbery allegedly affecting interstate commerce of a smoke shop, which he admitted as far as being the person who was involved in that robbery but defended the case. It would have been hard for him not to. Indeed, it would have been foolish to try. My purpose in oral argument will be to show that both of those convictions should be reversed, specifically speaking first of the bank robbery because it was not properly tried. It was tried together in an improper way with the smoke shop robbery, two dissimilar charges to belong under Rule 8A in the same trial. The smoke shop Hobbs Act conviction for the interstate commerce issue is reversible because the jury instructions took away the one thing that my client did argue at trial, which was that the interstate commerce element was not satisfied in the case. It's kind of remarkable that those instructions were not objected to, though. I understand. I would have to agree with that because the mistake is seriously. They look wrong. Seriously, they look wrong. Yes. But they weren't objected to. What's a judge to do? Well, Your Honor, I have asked myself the same question, and I would say that probably almost every case where plain error is found, there is also a failure on the part of the advocates. It really cannot be laid entirely at the feet of the judge, that the advocates always start off as the responsible ones. They should have spotted the mistake, and I wouldn't try to say otherwise. Does that mean this should be dealt with as an ineffective assistance of counsel claim? It could be. I wouldn't want to comment on whether or not what the merits of that argument would be, but I think really for our purposes it's a question of plain error, which is obviously a much higher standard. It's not something that can be expected, except in cases where the effect of the mistake was seriously harmful, especially in terms of the outcome and the fairness of the trial. There were no other instructions proposed at all? No, there weren't, Your Honor. No. Counsel, I know that you claim that this was, I think, plain error, maybe, or serious error, but in the case of this joinder, why isn't the error harmless, since there was evidence to support the conviction, maybe even substantial evidence? What is it about this that makes it something other than harmless, and what case do you rely on to support your position? Well, Your Honor, first of all, I would propose two reasons why the error here was not harmless. One was that the prosecutor did exactly what the joinder rule is designed to prevent or the misjoinder rule is offended by, which is the prosecutor used the smoke shop robbery as proof that my client committed the bank robbery. He said, basically, if a guy's going to commit this smoke shop robbery for a few hundred dollars, he's going to do the same thing for a few hundred thousand dollars if he's going to rob a bank. If the cases were separate, that argument could never have been made. There was no evidentiary overlap. There was no connection under 404B ever even attempted to be drawn by the prosecutor. And, in fact, the prosecutor told the judge in pretrial proceedings that the two were unconnected, that the smoke shop robbery had no connection to the bank robbery. And with respect to the bank robbery, the reason why it was hurtful to have that smoke shop robbery used against my client was because all of the evidence, the only evidence against Mr. Hatton, came exclusively from the two people who had already pleaded guilty, who had definitely committed the bank robbery, and were testifying under agreements that promised significant benefit to them in their testimony. There was nothing to corroborate it. There were no fingerprints. There was nothing found in Mr. Hatton's home to suggest that he had had anything to do with the bank robbery. All the evidence came from Ms. Wojciechowski's home. She was the kingpin. There was no prior statements offered against John Hatton, and it's almost, I think, it's extremely rare when there's nobody who comes forward to say, yeah, I was talking with John and he told me such and such. Could I ask procedurally, what if we were to disagree with you on your jury instruction issue, but to agree with you on your severance issue? Would we only reverse the one crime and not the other? I think so. I think, Your Honor. You would have pulled the one crime, one conviction, but not the other. Is that what would have happened? I would say that the misjoinder, it probably could be considered a harmless error as to the smoke shop robbery, that the- Was there an objection made to or a request for- Yes. What did the judge say? The judge said no, that he would not sever, but didn't explain why. No reason at all? None stated. Was there a limiting instruction by the judge with regard? There was. There was an instruction, typical instruction, where the judge told the jury, keep these charges separate, consider them separately. I would submit the prosecutor circumvented that by arguing that no, keep them together, think about these two as a unit, and that that was improper. As to the jury instructions, I think that the smoke shop robbery is infirm and should be reversed, but on- I understand that. Yes, sir. You do have a hurdle of the deference involved in the plain error. Indeed. Indeed. But I think that this court would have a basis for finding plain error here. The question of plain error is, did it affect the outcome and did it affect the fairness? And here, the only thing that the defense argued at trial was interstate commerce. That was the only issue, and it was not- It's not an issue to win on, though. It is, but let me ask how many times the court has ever had a case where on the interstate commerce issue, the victim, the store shop proprietor, did not confirm in his testimony that he purchased products that were made outside the state of Kentucky. He said he didn't know. Yeah, but you could still not know, and the jury could make- That's, I guess, what the proper intent of that instruction was, was that if you found something like this, that would be enough. Right. Given the broad interpretation of what interstate commerce is under the Hobbs Act- But allow me to submit, Your Honor- I understand you could get a jury maybe to disagree and to find in the other way. It's conceivable, but it would almost have to be that it was through misunderstanding to get that. Except, if I may, Your Honor, there was never any proof as to the amount of money that was in the cash register at the time that John Haddon was there. I think that's the most that any robber could have gotten away with. There was no testimony about whether maybe the owner had a safe and kept most of his extra cash in the safe. The owner was never asked how much money was in the till. Where was this thing located, this smoke shop? It's south of Louisville. Louisville. Yes, in Preston, on Preston Highway. The shop owner was never asked. And so the prosecutor, in closing, talked about a few hundred dollars being at issue in terms of the theft. The defense, and I don't know where the trial attorney got his number, but he said it was $45. The question, as this Court said in the Brown case, which is cited in the United States brief, Brown says can it be shown a reasonable probability that if the crime would have so depleted the assets of the victim that the purchases of inventory would have been affected? That really was never shown. I would submit that the loss of a small enough amount of money, not that it's to be excused because it's just a few dollars, but that the loss of a small enough amount of money does not affect interstate commerce because the owner eats it. The owner makes the very same purchases of inventory the next day. His inventory includes stuff that's gone in interstate commerce. That's not enough if it causes him to close down for half a day? Well, yes, except that. Is it enough or it's not enough? He didn't say that he lost any business, but the judge did. What about the very things that we're talking about here? I mean, the instruction could have been tinkered with to be okay, presumably, right, that it said. I'm looking at the wrong place here. I think if, let's see, my brief, pages 10 to 11, my first brief has the instruction. Where it said, in determining whether the robbery affected interstate commerce, you should consider that a portion of goods sold are shipped from outside. It makes it sound like they were shipped from outside. Yes. You should consider that if you find that a portion of the goods sold were shipped from outside the state of Kentucky and sold in this state or that a portion, something like that, then it would be okay, presumably. It would have. And it's just hard to imagine that none of those things were not the case. Well. As opposed to whether how much money was in his box. Are you with me? Yes, sir. The defense attorney. When it says portion of goods sold, that doesn't mean sold to him. That just means generally sold there. That would be okay. If they said that, if the jury found that a portion of the goods sold by the smoke shop were shipped from outside the state of Kentucky, you've got a pretty big hill to climb to say that a jury is going to find that no portion of the goods sold in a smoke shop in Louisville were shipped from outside the state of Kentucky. Well, that obviously is the case. And I wouldn't suggest otherwise except that the question is not whether that business had products from outside the state, but whether the crime would have affected his purchases of products. Now, the fact that he buys products that are manufactured outside the state suggests that if he loses enough money, he's not going to buy products that are manufactured at or he's going to buy fewer products manufactured outside the state, and there's the effect of interstate commerce. And what the judge's instruction did was basically took that away from the jury and left it as essentially a directed verdict on the issue of interstate commerce. Wouldn't there be other ways, though, that would affect interstate commerce? I mean, as Judge Rogers, I mean, the business shut down or the just a number of other things. Yes. Other than the exact purchase of. . . I agree. I agree. There was no. . . I'm sorry, my time is up. If I could finish it. There was no, I would say, direct evidence, no proof, although one might very well infer there was no proof that the shop owner lost any business or that the people who didn't come that night wouldn't have come the next morning. And so there was maybe just a tiny, a tiny gap, but through that gap reasonable error could have emerged had the jury instruction been different. Could you address briefly this substantial assistance from the spouse issue? Yes. Just very briefly. Certainly. Outline of your argument. The judge basically said if there's no 5K motion from the government, I cannot consider substantial assistance rendered by anybody, I think is really what the judge said. That's incorrect. The judge can consider both the defendant's own substantial assistance, and in this case it was his wife who came forward after he was arrested for the smoke shop robbery. That's what happened. Yes. Do you support for the idea that that would be okay under 3553 with respect to the wife? No. With respect to the wife where there's no evidence that he caused the wife to give that assistance? I do not have a case that says that. I would be surprised. By analogy that says that? I think just the sheer breadth of 3553E and the fact that Frank What language in 3553 most supports that? The nature of the crime or? Nature and circumstances of the crime. It isn't the nature and circumstances of the crime when she's giving help with respect to other crimes, right? Yes, but. So how can you tie that argument? It's an interesting argument. That's why I'm asking. Certainly. How can you tie that to language in 3553? What's the closest tie? Because it seems to me like the nature of the crime doesn't work very well for you. Do you see what I'm saying? Yes, sir. The nature of the crime and the characteristics of it, I think that if you take a larger view, just as every judge does, the judge basically looks at the defendant from date of birth to the present in terms of trying to decide what is the proper punishment for this man or woman. There's language in that. I don't have 3553 in front of me, but there's language which suggests that's appropriate or permissible. What language suggests it's permissible to look at help to the police from people who are in support? Could they look, for instance, somebody in California and say, I helped the police capture somebody. Please use my credit for doing that for my brother in New York. I don't think any judge would go that far. I guess I'm trying to tie that limit to the language of the statute. The statute wouldn't cover 3553. It lists a lot of things, but it wouldn't cover that, would it? Why would it cover what you're talking about? That's my question. We want to encourage people to help the government. That's why 5K. Well, you'd want to help people in Los Angeles to help the government. But 5K exists so that the government can reward people who help. And there is certainly precedent for the government asking for a downward departure for this man because someone else had, on this man's behalf, rendered substantial assistance. I agree that there is a concern about whether one truly motivated the other. I would say, in other words, that the wife just helped for no reason connected to her husband. She's clearly doing it to help or at least wants it to count. Yes, absolutely. And we want to encourage that. That's why we have to. But you don't want to encourage it when it's as distant as what I just emphasized. No, no. That would be good to encourage as well, right? Well, under 3553E, I think a judge can only go so far afield, and I think this court would say that's too far afield. Is there any other way that you would propose a sentencing judge could do it? Go outside the 35. How about departures, variances, and things like that? Could that have happened? A 5K departure is impossible when the government doesn't request it. And so really there's no way in the sentencing guidelines that I can see that this sort of reward could be given. It's only a variance under 3553. Thank you. Thank you, Judge. May it please the Court. Terry Cushing for the United States. Your Honors, I want to start with the misjoinder issue, and I want to start where the court will always start, and that's with the rule itself. And if we look at the rule, we can break it down because it's written in the disjunctive. There are four, really, circumstances in which joinder is proper. One is same or similar character. Two is same act or transaction. And the third one can be broken down into two more because this is where we get into the common scheme or plan. But one of them is connected with a common scheme or plan, and then the second part constitutes a part of the common scheme or plan. My colleague on the other side here is focusing strictly on the constitutes a part of a common scheme or plan, whereas we can also show proper joinder by showing that it's connected with a common scheme or plan. And the indictment in this case shows that connection in that John Hatton was a part of this. State that now. Yes, Judge. When you say that it's connected with a common scheme or plan, what's the connection? Is it just the same person involved in both acts? Because if that's the connected with, that would eviscerate the rule. So tell me what is the connected with or connected to this common scheme or plan that makes joinder in this case improper because it would seem that under our case in U.S. v. Bibby, this would be kind of a stretch. I disagree, Your Honor, and the connection with isn't just that it was John Hatton in the bank robbery and John Hatton in the smoke shop robbery. And I'll get to robbery in a minute because, again, same or similar character. But if we can focus strictly on the connected with, the superseding indictment shows that John Hatton was a part of this jointer business conspiracy with Wachachowski and the others. But when he got arrested on the smoke shop robbery, that affected the conspiracy because they had to find another conspirator to go on bank robberies with Wachachowski. So the indictment itself shows a connection with. And, again, joinder is to be construed, Rule 8 is to be construed in favor of joinder. And if we can strew out any connection with another crime that's in the indictment, then we're violating that basic rule. So are you saying that two crimes can be tried together because each one separately is connected to a third crime that isn't being tried together? Yes, as long as... I'm sorry. Isn't that a little bit of a stretch? No, Judge. That seems to be what happened here is you had a whole bunch of things that were tied together in some sense, and then a bunch of them went away for one reason or another, and you're left with two that no longer tie. Yes, Judge, but in that circumstance, though, we're out of Rule 8 because we look at Rule 8 in terms of joinder. And at the time of the indictment, when it was indicted, was it properly joined? If something comes along later to say that these two really shouldn't be tried together, then we're in Rule 14. And we're talking about discretionary severance based on prejudice. And my colleague on the other side does not raise that issue, the Rule 14 issue, maybe because they didn't renew any Rule 14 motions at the end of the proof in this case. So they don't have that issue. That's not in this case. The focus here has to be on... We look at it at the time when all of those things are within the indictment. Yes, Your Honor. So looking at it that way, we have not only robbery and robbery, same or similar character, same actor, same modus operandi, hooded sweatshirt, into a store, into a business with a gun, whether it be a business as a bank or a business as a smoke shop, with a gun. Those are all very close in time, within a month of each other. But we've got certainly, without doubt, that connection with that's even set out in the indictment. So these were properly joined at the beginning. Now, if there... I note you leave out the similarity that was contained in the brief that was kind of demolished in the opposite brief. Well, I didn't cover that, and we do apologize for that mistake in our initial brief. But we wouldn't give that up altogether. And I don't concede that altogether, that he didn't have an accomplice. There are reasonable inferences here that he had a female accomplice in this, whether it was that woman who was in the store who we never identified or captured. So we don't know whether she was an accomplice or not. There are some reasonable inferences to be made that she may have been. But the strongest inference is that Sarah Hatton was part of that robbery because if we look at the time stamps on the pictures that my colleague here put in his reply brief, we see that the timing from the time that he made his phone call to his wife to the time she entered the shop was within just a couple of minutes to maybe three at the longest. So she was there. She was there close, probably the getaway driver, and a reasonable inference that she was the getaway driver. So, yes, there is an inference to be made here that he also had a female accomplice on this. But even without that, the other similarities, and we're talking character, and I have to say many of the cases- Ms. Wojcicki wasn't a getaway driver, though. Not Ms. Wojcicki. Sarah Hatton- You're talking about parallels between the two cases. Right. Well- You're just saying there's an additional parallel that there was a woman involved or something? Well, that he had a woman accomplice. That was an accomplice to help him out with this robbery, whether it be coming in with him or having a getaway driver. In the original, it doesn't have to be a woman. In the original- No, I understand. The bank robbery, he had a- The accomplices, if they were, in two very different ways is all I was saying. Yes, certainly there are differences, but the rule doesn't say if there are any differences there's no joinder because there are always going to be differences. And, again, we construe this in favor of joinder for the efficiency of trials. So if we've got proper joinder in the beginning, we never get to prejudice. That's Rule 14. We're in a different rule. The only way we get to prejudice is if we say there was a misjoinder to begin with and then we're talking about harmless error and then our burden is to show that there was no effect on substantial rights, which we also believe that the record here shows that there was not because of the strong evidence involved. Again, our prosecutor made a very bad argument, wrong argument in the case, and that's something that we've discussed and believe very strongly we've taken care of. But despite that argument, the judge gave limiting instructions, as the court has recognized, several times. And the defense stressed- If they had been tried safely, could evidence with respect to one of these have been used in the later crime? Possibly. We probably would not have used- Which one was later now? The smoke shop robbery was the later one. That's where he was shot and then he went off to jail. The evidence of-that isn't what happened. It was actually the later one that was used in the trial of the first one. Is that- Yes, it was the later one. The argument was made that if he was willing to do that. So that couldn't-if the bank robbery had been tried separately, I guess my question then is could the smokehouse robbery have been used under any evidence rule? It's possible under 404B, but that would probably be a stretch. Even though it happened afterwards? Even though it happened afterwards, but that would be a stretch just because of some of the similarities to maybe show identity. But we had other robberies that he committed with Ms. Wachachowski that were a lot stronger evidence of his participation in the bank robbery that we likely would have used. Okay. So we probably would not have in a separate trial. I won't say that we would because it wouldn't have been as strong evidence. What they're trying to do is get the smokehouse robbery away from the bank robbery, not the other way around. That's right. The fact that there's other bank robberies, I don't see how that- I was just discussing what we would have used in a separate trial, whether we would have used that one or not, and I'm saying we probably would not have. It's not that strong evidence of any of the proper factors under 404B. Either way, the argument was a wrong argument. If you wouldn't have or couldn't have, doesn't that go to prejudice? You're just saying we can't look at prejudice because that's Rule 14 rather than Rule 8? Well, you only look at prejudice in terms of whether it affected substantial rights if we go to harmless error analysis. If we say it was misjoined to begin with, only under harmless error analysis do you get something akin to prejudice, looking at prejudice, and that is whether it affected substantial rights. Then I guess my question is why wasn't the error not harmless because it was prejudicial, because if they'd been tried separately, it wouldn't have been admissible? Well, but that doesn't mean that that was prejudicial, just because it might not have been admissible in another trial. It doesn't necessarily mean it, but it leans in that direction, doesn't it? It's a factor, but it's not a very strong factor, especially when you compare it to the factors of the strength of the evidence on the bank robbery. And when you compare it to the strength of the instructions that the judge gave to the jury, when you compare it on the strength of the argument What's the strength of the evidence on the bank robbery that it was happened? What's the strongest thing that compels us to conclude that it was happened? The strongest thing is that his cohorts testified against him and said that was him. Anything else? Yes. The manner in which he did it, wearing the hooded sweatshirt, his mannerisms in the bank that you could compare to his mannerisms in the smoke shop robbery. The teller's testimony What kind of mannerisms are you talking about? Just the way he moved, his stature, his build, what you could tell of it from these videos, which I agree that my colleague makes some good points about how the video isn't perfect because of the angles and the stretching out, but we had evidence from the tellers about how tall they were and they could compare the person in the video with the tellers that he was accompanying and those sorts of things, but the strongest thing on the teller's testimony is that they could see this part of his face. And the teller described his eyes and particularly the color of his eyebrows, which matched John Hatton and didn't match who they were trying to blame, and that was Marty Ridge, didn't match him at all. I'm sorry? You mean opposing counsel? Opposing counsel in the trial, yes. So there's strong evidence that John Hatton was that bank robber apart from the smoke shop robbery. Counsel, I'm not sure why you gave up on the fact that you could use some of these similarities in a separate trial under 404B. Well, I didn't give up on it, Judge. And if I sounded like I did, I didn't communicate that well. I thought you were backing away from it a little bit. Well, because it wasn't, what I said was... I don't believe what you said totally. Yeah, well, I'm sorry, I was mistaken there. No, we could have used this because of those similarities. But my argument was that we had so much stronger evidence from other robberies he committed with Wachowkoski that we probably wouldn't have used it, but we could have used it. Unless my colleagues have questions, could you address the substantial assistance issue? Yes, Judge. The substantial assistance issue, whether the judge... I'm sorry? Whatever you call it, that issue that the wife's help should have been a factor under 3553. Well, whether the judge could consider it or not is an open question in this circuit. This court has never ruled on whether a third-party assistance can be used to give a break to a defendant. I agree with the underlying premise... What about the primary assistance? Can that be used under 3553? Yes. What language allows that? It would be the nature and characteristics of the defendant. I think when you're looking at the mitigation, you look at the nature and characteristics of the defendant, and I think part of that is what he did to help. Whether he's a helpful person is something about his nature. Correct. And it is in the guidelines. Sure, and it is in the guidelines itself. There's acceptance of responsibility, and then, of course, there's the substantial assistance departure that requires our motion. But the guidelines themselves recognize that that's part of the factors that the judge can consider in arriving at the sentence, and the guidelines, of course, are based on 3553E and several of the statutes in 28994. Is it your contention, so I understand what the nature of the argument is, Is it your contention that even though under 3553 it makes sense for the individual's nature that we look to whether he's helped, but it doesn't make sense to look at somebody else's nature to see where he helps? So, therefore, it's categorically not admissible? I don't know that I would say it was categorically not admissible, but I would say this is not the case to make that decision because of the cases that allow it. Most of them are from the Eighth Circuit and district court cases in the Eighth Circuit. They look at what the defendant did, too. Did he give any help at all? Was he responsible for the third person helping? Am I time's up? Can I finish that thought? Yes, please. If that relates to the limit that's implicitly in 3553, it's that we're only looking at it in order to figure out something about the individual defendant. We're not looking at it just to see whether the government was helped or not. Absolutely, Judge. And so the fact that it might be permissible if the United States made a motion under 5K1.1 doesn't necessarily mean it would also be permissible as a variance under 3553E. I wonder whether your argument there, though, is in the interest of the government. Isn't this making it harder for you to get assistance? You could go to someone and say, look, your husband's in jail. We might be able to cut him a break, or the judge may be able to cut him a break if you help us now. You can't do that now, right, if we rule your way in this case in a published opinion? If you rule that a third party's assistance would not be something the judge could take into account under 5K1.1 or under 3553E. That's what you're asking us to rule, as long as that assistance wasn't obtained by the defendant, right? Yes, Judge. I think that the cases in the Eighth Circuit are very well reasoned. So we would probably, in a different case where there was more factors in the defendant himself's favor, we would be arguing that the Eighth Circuit's reasoning makes sense and that we can go along with that. The Eighth Circuit again said what? The Eighth Circuit said you could use this stuff? Yes. And those were on the United States motion. All those cases are 5K1.1 cases, I believe, and I know my colleague will correct me if I'm wrong on rebuttal, but I believe all those were government motions. If I understand you correctly, it can't be in 5K unless it's somewhere in 3553, because the whole guidelines are intended to make consistent what 3553 generally says. Well, actually, I didn't say that. I said 3553E and 28994. There are additional factors in 28994 directing the commission on how to construct the guidelines and what's important to the Congress to be in the guidelines. So the bottom line here is even under the most generous view of the law toward the defense here, John Hatton wouldn't have qualified because he did nothing to cooperate. There's no evidence at all that he encouraged this. The line that you're saying on behalf of the government is that even if help from a third party is permissibly taken into account, it has to be help from a third party that was somehow obtained by the defendant. Either encouraged, directed by the defendant, or he got the ball rolling by some cooperation on his part. Thank you. Your Honor, we've gone long enough. If you'll give me just 30 seconds maybe to touch on just... I want to hear your answer. I'm sorry? I want to hear your response. Please proceed. Oh, thank you. Okay. It's on the Rule 404B question. Could that smoke shop robbery have been used as 404B evidence? I can see a prosecutor submitting it to a judge. I cannot see a judge agreeing. If there were just the prosecution for the bank robbery, the second robbery was not a signature. It didn't use the same notable things. You couldn't possibly make a connection as far as identity is concerned. The motive, if anything, the later smoke shop robbery suggests that he didn't commit the bank robbery because he would not, if he had had $60,000, he wouldn't have been motivated to knock over a small smoke shop. That was the only thing I meant to... Okay, great. Counsel, I didn't mean necessarily to be apathetic. I just wanted to make sure that everybody understood. You can use 404B if you can make all the matches. Absolutely. All right. Yes. Thank you, Your Honor. Thank you. The case will be submitted. Mr. Mazzoli, I see you're appointed under the CJA, and we appreciate your advocacy under the CJA. Thank you very much. Thank you.